**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| THOR ARTLEY LLC and THOR ARTLEY II LLC, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION FILE |
| U.S. PORT SERVICES, INC., | ) | |
| Defendant. | ) | |

**VERIFIED COMPLAINT**

Plaintiffs Thor Artley LLC and Thor Artley II LLC ("Plaintiffs" or "Landlord") file this Complaint against Defendant U.S. Port Services, Inc. ("Defendant" or "Tenant"), and show this Court as follows:

**PARTIES & CITIZENSHIP**

1. Plaintiff Thor Artley LLC is a Delaware limited liability company authorized to do business in the State of Georgia. For purposes of diversity jurisdiction under 28 U.S.C. § 1332, an LLC is a citizen of every state in which any of its members is a citizen.

2. The sole member of Thor Artley LLC is Thor HSRE Research Triangle Park PropCo I, LP, a Delaware limited partnership. For purposes of diversity

jurisdiction, a limited partnership is a citizen of every state in which any of its partners — both general and limited — is a citizen.

3. The partners of HSRE Research Triangle Park PropCo I, LP are Thor Research Triangle Park Development GP LLC, a Delaware limited liability company, and Thor Research Triangle Park Development Investment Company LLC, a Delaware limited liability company.

4. The sole partner of Thor Research Triangle Park Development GP LLC is Thor Research Triangle Park Development Investment Company LLC.

5. The two members of Thor Research Triangle Park Development Investment Company LLC are Joseph J. Sitt and DSFT Holdings LLC, a Delaware limited liability company.

6. Joseph J. Sitt is a citizen of New York.

7. The sole member of DSFT Holdings LLC is the DSFT 2011 Family Trust. For purposes of diversity jurisdiction, the citizenship of an unincorporated entity that is a traditional trust is determined by the citizenship of its trustees.

8. The trustees of the DSFT 2011 Family Trust are Betty Sitt, Isaac Sitt, and Albert Dayan.

9. Betty Sitt is a citizen of New York.

10. Isaac Sitt is a citizen of New York.

11. Albert Dayan is a citizen of New York.

12. Plaintiff Thor Artley II LLC is a Delaware limited liability company authorized to do business in the State of Georgia.

13. The sole member of Thor Artley II LLC is Thor HSRE Research Triangle Park PropCo II, LP, a Delaware limited partnership.

14. The partners of Thor HSRE Research Triangle Park PropCo II, LP are Thor HSRE Research Triangle Park GP LLC, a Delaware limited liability company, and Thor HSRE Research Triangle Park LLC, a Delaware limited liability company.

15. The sole partner of Thor HSRE Research Triangle Park GP LLC is Thor HSRE Research Triangle Park LLC.

16. The sole member of Thor HSRE Research Triangle Park LLC is Thor Research Triangle Park Investment Company LLC.

17. The sole member of Thor Research Triangle Park Investment Company LLC is Thor Research Triangle Park Member LLC.

18. The sole member of Thor Research Triangle Park Member LLC is Thor 164 Equity LLC.

19. The members of Thor 164 Equity LLC are DSFT 2011 Family Trust (whose citizenship is set forth in Paragraphs 8-11 above), Joseph J. Sitt (citizenship set forth in Paragraph 6 above), and Betty Sitt (citizenship set forth in Paragraph 9 above).

20. Based on the foregoing, Plaintiffs Thor Artley LLC and Thor Artley II LLC are citizens of the State of New York.

21. Defendant U.S. Port Services, Inc. is a Virginia corporation with its principal place of business located at 3050 Elmhurst Lane, Portsmouth, Virginia 23701, and is registered to do business in Georgia. Its registered agent is Vcorp Agent Services, Inc., 289 S Culver Street, Lawrenceville, Georgia 30046. The company can be served via its registered agent.

22. For purposes of diversity jurisdiction, Defendant U.S. Port Services, Inc. is a citizen of the State of Virginia.

**JURISDICTION AND VENUE**

23. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

24. This Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(1)(A). Defendant is a foreign corporation authorized to transact business in the State of Georgia pursuant to O.C.G.A. § 14-2-1501 *et seq.*, and is therefore subject to the jurisdiction of the courts of this State to the same extent as a domestic corporation under O.C.G.A. § 14-2-1507.

25. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district. Defendant is a foreign

corporation authorized to transact business in the State of Georgia and maintains its registered agent in Gwinnett County, Georgia, which is within the Northern District of Georgia.

## GENERAL ALLEGATIONS

26. At all times relevant hereto, Plaintiffs were the owners and landlords of certain improved real property known as Artley Industrial Park, located at 25-27 Artley Road, Savannah, Georgia 31408 (the "Property").

27. Plaintiffs and Defendant entered into three separate Commercial Lease agreements for premises located at the Property, as more fully described below.

### The Suite 27-3 Lease

28. On or about March 10, 2023, Plaintiffs and Defendant entered into a Commercial Lease (the "Suite 27-3 Lease") for premises known as Suite 27-3, consisting of approximately 37,500 square feet, located at 27 Artley Road, Unit 27-3, Savannah, Georgia 31408 (the "Suite 27-3 Premises"). A true and correct copy of the Suite 27-3 Lease is attached hereto as **Exhibit A**.

29. The Suite 27-3 Lease provided for a five-year term commencing on or about April 1, 2023.

30. Under the Suite 27-3 Lease, Defendant was obligated to pay Annual Base Rent in escalating amounts over the five-year term, beginning at $393,750.00

per year ($32,812.50 per month) in the first Lease Year and increasing to $460,631.81 per year ($38,385.98 per month) in the fifth Lease Year.

31. Defendant was also obligated to pay Additional Rent under the Suite 27-3 Lease, including Defendant's Proportionate Share (7.15%) of Operating Expenses, Defendant's Pro Rata Share (10.95%) of Impositions, and Defendant's Proportionate Share of Landlord's insurance costs and other charges.

32. The Suite 27-3 Lease is a triple net lease, and all Rent and other sums payable thereunder by Defendant were to be paid without notice, demand, setoff, counterclaim, recoupment, abatement, suspension, deferment, diminution, deduction, reduction, or defense.

**The Suite 27-2 Lease**

33. On or about March 21, 2023, Plaintiffs and Defendant entered into a Commercial Lease (the "Suite 27-2 Lease") for premises known as Suite 27-2, consisting of approximately 50,000 square feet, located at 27 Artley Road, Unit 27-2, Savannah, Georgia 31408 (the "Suite 27-2 Premises"). A true and correct copy of the Suite 27-2 Lease is attached hereto as **Exhibit B**.

34. The Suite 27-2 Lease provided for a five-year term commencing on or about May 1, 2023.

35. Under the Suite 27-2 Lease, Defendant was obligated to pay Annual Base Rent in escalating amounts over the five-year term, beginning at $512,500.00

per year ($42,708.33 per month) in the first Lease Year and increasing to $599,552.51 per year ($49,962.71 per month) in the fifth Lease Year.

36. Defendant was also obligated to pay Additional Rent under the Suite 27-2 Lease, including Defendant's Proportionate Share (9.53%) of Operating Expenses, Defendant's Pro Rata Share (14.6%) of Impositions, and Defendant's Proportionate Share of Landlord's insurance costs and other charges.

37. The Suite 27-2 Lease is a triple net lease, and all Rent and other sums payable thereunder by Defendant were to be paid without notice, demand, setoff, counterclaim, recoupment, abatement, suspension, deferment, diminution, deduction, reduction, or defense.

**The Suite 27-6 Lease**

38. On or about September 29, 2023, Plaintiffs and Defendant entered into a Commercial Lease (the "Suite 27-6 Lease," and collectively with the Suite 27-3 Lease and the Suite 27-2 Lease, the "Leases") for premises known as Suite 27-6, consisting of approximately 37,500 square feet, located at 27 Artley Road, Unit 27-6, Savannah, Georgia 31408 (the "Suite 27-6 Premises"). A true and correct copy of the Suite 27-6 Lease is attached hereto as **Exhibit C**.

39. The Suite 27-6 Lease provided for a five-year term commencing on or about the date of the Lease.

40. Under the Suite 27-6 Lease, Defendant was obligated to pay Annual Base Rent in escalating amounts over the five-year term, beginning at $412,500.00 per year ($34,375.00 per month) in the first Lease Year and increasing to $482,566.66 per year ($40,213.89 per month) in the fifth Lease Year.

41. Defendant was also obligated to pay Additional Rent under the Suite 27-6 Lease, including Defendant's Proportionate Share (7.15%) of Operating Expenses, Defendant's Pro Rata Share (10.95%) of Impositions, and Defendant's Proportionate Share of Landlord's insurance costs and other charges.

42. The Suite 27-6 Lease is a triple net lease, and all Rent and other sums payable thereunder by Defendant were to be paid without notice, demand, setoff, counterclaim, recoupment, abatement, suspension, deferment, diminution, deduction, reduction, or defense.

**Defendant's Default**

43. Defendant failed to timely pay Annual Base Rent and Additional Rent as and when due under each of the three Leases.

44. On or about December 19, 2025, Plaintiffs, through their counsel Holland & Knight LLP, sent Defendant written Notices of Payment Default (the "Default Notices") with respect to each of the three Leases, providing Defendant with notice that an Event of Default pursuant to Section 19.1(h) of each Lease was ongoing as a result of Defendant's failure to timely pay Annual Base Rent and

Additional Rent. True and correct copies of the Default Notices for the Suite 27-3 Lease, the Suite 27-2 Lease, and the Suite 27-6 Lease are attached hereto as **Exhibits D, E, and F**, respectively.

45. Pursuant to Section 19.1(h) of each Lease, a default in any payment of Rent that continues for a period of ten (10) days constitutes an Event of Default.

46. Defendant failed to cure such Events of Default within the applicable cure periods under the Leases or at any time thereafter.

47. Defendant vacated all three premises.

48. On or about March 6, 2026, Plaintiffs, through their counsel, sent Defendant written Notices of Termination (the "Termination Notices") with respect to each of the three Leases, terminating each Lease effective as of March 6, 2026 in accordance with Section 19.2(a) of each Lease. True and correct copies of the Termination Notices for the Suite 27-3 Lease, the Suite 27-2 Lease, and the Suite 27-6 Lease are attached hereto as **Exhibits G, H, and I**, respectively.

49. Defendants has vacated the premises and tendered possession of same to Plaintiffs. Plaintiffs accepted such tender of possession and took steps to re-enter and re-take possession of the premises.

50. As of the date of termination, Defendant owed Plaintiffs approximately $2,700,000.00 in unpaid Rent and other charges under the three Leases.

51. Each of the Leases contains an attorneys' fees provision at Section 21.15, entitling the prevailing party to recover reasonable attorneys' fees, expenses, and court costs incurred in enforcing the terms of the Lease. In accordance with O.C.G.A. § 13-1-11(a), Plaintiffs provided Defendant with written notice of their intent to seek attorneys' fees and expenses of litigation not less than ten (10) days prior to the filing of this Complaint.

## COUNT I: BREACH OF THE SUITE 27-3 LEASE

52. Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs 1 through 51 above as though fully set forth herein.

53. The Suite 27-3 Lease constitutes a valid and binding agreement between Plaintiffs and Defendant.

54. Plaintiffs performed their obligations under the Suite 27-3 Lease.

55. Defendant breached the Suite 27-3 Lease by, among other things, failing to pay Annual Base Rent and Additional Rent as and when due.

56. Pursuant to Section 19.2(b) of the Suite 27-3 Lease, upon termination of the Lease, Plaintiffs are entitled to recover all damages incurred, including but not limited to the costs of recovering the Premises, preparation for reletting and the cost of reletting itself, reasonable attorneys' fees, and all Rent and other sums due and payable by Defendant on the date of termination, plus an amount equal to the value of the Rent and other sums provided to be paid by Defendant for the residue of the

stated Term, and the cost of performing any other covenants to be performed by Defendant.

57. Pursuant to Section 4.3 of the Suite 27-3 Lease, any installment of Rent that remains delinquent after an Event of Default shall bear interest at the Default Rate, which is five percent (5%) in excess of the Prime Rate.

58. In addition, Defendant is obligated to pay late fees equal to the greater of $100.00 or four percent (4%) of the outstanding amount.

59. Pursuant to Section 21.15 of the Suite 27-3 Lease, Defendant is obligated to pay Plaintiffs' expenses, including reasonable attorneys' fees, expenses, and court costs incurred in enforcing the terms of the Lease.

60. As a direct and proximate result of Defendant's breach, Plaintiffs have been damaged in an amount to be proven at trial, consisting of all unpaid Rent and Additional Rent, late fees, interest at the Default Rate, the present value of Rent and other sums for the residue of the stated Term (less the fair market rental value of the Premises), costs of reletting, and reasonable attorneys' fees and costs.

## COUNT II: BREACH OF THE SUITE 27-2 LEASE

61. Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs 1 through 51 above as though fully set forth herein.

62. The Suite 27-2 Lease constitutes a valid and binding agreement between Plaintiffs and Defendant.

63. Plaintiffs performed their obligations under the Suite 27-2 Lease.

64. Defendant breached the Suite 27-2 Lease by, among other things, failing to pay Annual Base Rent and Additional Rent as and when due.

65. Pursuant to Section 19.2(b) of the Suite 27-2 Lease, upon termination of the Lease, Plaintiffs are entitled to recover all damages incurred, including but not limited to the costs of recovering the Premises, preparation for reletting and the cost of reletting itself, reasonable attorneys' fees, and all Rent and other sums due and payable by Defendant on the date of termination, plus an amount equal to the value of the Rent and other sums provided to be paid by Defendant for the residue of the stated Term, and the cost of performing any other covenants to be performed by Defendant.

66. Pursuant to Section 4.3 of the Suite 27-2 Lease, any installment of Rent that remains delinquent after an Event of Default shall bear interest at the Default Rate, which is five percent (5%) in excess of the Prime Rate.

67. In addition, Defendant is obligated to pay late fees equal to the greater of $100.00 or four percent (4%) of the outstanding amount.

68. Pursuant to Section 21.15 of the Suite 27-2 Lease, Defendant is obligated to pay Plaintiffs' expenses, including reasonable attorneys' fees, expenses, and court costs incurred in enforcing the terms of the Lease.

69. As a direct and proximate result of Defendant's breach, Plaintiffs have been damaged in an amount to be proven at trial, consisting of all unpaid Rent and Additional Rent, late fees, interest at the Default Rate, the present value of Rent and other sums for the residue of the stated Term (less the fair market rental value of the Premises), costs of reletting, and reasonable attorneys' fees and costs.

**COUNT III: BREACH OF THE SUITE 27-6 LEASE**

70. Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs 1 through 51 above as though fully set forth herein.

71. The Suite 27-6 Lease constitutes a valid and binding agreement between Plaintiffs and Defendant.

72. Plaintiffs performed their obligations under the Suite 27-6 Lease.

73. Defendant breached the Suite 27-6 Lease by, among other things, failing to pay Annual Base Rent and Additional Rent as and when due.

74. Pursuant to Section 19.2(b) of the Suite 27-6 Lease, upon termination of the Lease, Plaintiffs are entitled to recover all damages incurred, including but not limited to the costs of recovering the Premises, preparation for reletting and the cost of reletting itself, reasonable attorneys' fees, and all Rent and other sums due and payable by Defendant on the date of termination, plus an amount equal to the value of the Rent and other sums provided to be paid by Defendant for the residue of the

stated Term, and the cost of performing any other covenants to be performed by Defendant.

75. Pursuant to Section 4.3 of the Suite 27-6 Lease, any installment of Rent that remains delinquent after an Event of Default shall bear interest at the Default Rate, which is five percent (5%) in excess of the Prime Rate.

76. In addition, Defendant is obligated to pay late fees equal to the greater of $100.00 or four percent (4%) of the outstanding amount.

77. Pursuant to Section 21.15 of the Suite 27-6 Lease, Defendant is obligated to pay Plaintiffs' expenses, including reasonable attorneys' fees, expenses, and court costs incurred in enforcing the terms of the Lease.

78. As a direct and proximate result of Defendant's breach, Plaintiffs have been damaged in an amount to be proven at trial, consisting of all unpaid Rent and Additional Rent, late fees, interest at the Default Rate, the present value of Rent and other sums for the residue of the stated Term (less the fair market rental value of the Premises), costs of reletting, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment in their favor and against Defendant as follows:

(a) On Count I, for damages in an amount to be proven at trial, including all unpaid Rent and Additional Rent, late fees, interest at the Default Rate, the

present value of Rent and other sums for the residue of the stated Term of the Suite 27-3 Lease (less the fair market rental value of the Premises), costs of reletting, and reasonable attorneys' fees and costs;

(b) On Count II, for damages in an amount to be proven at trial, including all unpaid Rent and Additional Rent, late fees, interest at the Default Rate, the present value of Rent and other sums for the residue of the stated Term of the Suite 27-2 Lease (less the fair market rental value of the Premises), costs of reletting, and reasonable attorneys' fees and costs;

(c) On Count III, for damages in an amount to be proven at trial, including all unpaid Rent and Additional Rent, late fees, interest at the Default Rate, the present value of Rent and other sums for the residue of the stated Term of the Suite 27-6 Lease (less the fair market rental value of the Premises), costs of reletting, and reasonable attorneys' fees and costs;

(d) For pre-judgment and post-judgment interest as allowed by law;

(e) For reasonable attorneys' fees and expenses of litigation pursuant to the terms of the Leases and O.C.G.A. § 13-1-11;

(f) For costs of this action; and

(g) For such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED ON ALL COUNTS SO TRIABLE**

This 27th day of April, 2026.

**HOLLAND & KNIGHT LLP**

*/s/ Patrick B. Reagin*
Patrick B. Reagin, Esq.
Georgia Bar No. 502117
Talis C. Trevino, Esq.
Georgia Bar No. 181896
1180 West Peachtree Street NW
Suite 1800
Atlanta, Georgia 30309
Telephone: (404) 817-8500
Facsimile: (404) 881-0470
E-Mail: patrick.reagin@hklaw.com
E-Mail: talis.trevino@hklaw.com

*Attorneys for Plaintiffs Thor Artley LLC and Thor Artley II LLC*

## VERIFICATION

I, Daniel J. Amodio, am over 18 years of age. I am Executive Vice President of Asset Management at Thor Equities Group. My responsibilities include management of the portfolio containing the assets of Thor Artley LLC and Thor Artley II LLC. I declare under penalty of perjury that I have read the foregoing Complaint and that the facts stated therein are true and correct to the best of my knowledge and belief.

Executed this 27th day of April, 2026.

*/s/ Daniel J. Amodio*
______________________________
Daniel J. Amodio